UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at Covington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 2: 09-96-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| TYRONE TANKS, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

*** *** *** ***

This matter is pending for consideration of Defendant Tyrone Tanks' motion for recusal of the undersigned pursuant to 28 U.S.C. § 455. [Record No. 135] In support, Tanks asserts claims of judicial bias but does not provide any supporting materials. Accordingly, the Court looks to the defendants' contemporaneously-filed § 2255 petition in an effort to glean some basis for the relief requested. Finding none, the Court will deny the relief sought.

## I.

Judicial disqualification is required under 28 U.S.C. § 455(a) "in any proceeding in which [the Court's] impartiality might reasonably be questioned." Section 455(b)(1) further requires disqualification "[w]here [the judge] has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." The standard for judicial disqualification is set forth in *Liteky v. United States*, 510 U.S. 540, 555 (1994):

> First, judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. . . . In and of themselves (*i.e.*, apart from surrounding

comments or accompanying opinion), they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required (as discussed below) when no extrajudicial source is involved. Almost invariably, they are proper grounds for appeal, not for recusal. Second, opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge. They *may* do so if they reveal an opinion that derives from an extrajudicial source; and they *will* do so if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible. . . . *Not* establishing bias or partiality . . . are expressions of impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect men and women, even after having been confirmed as federal judges, sometimes display. A judge's ordinary efforts at courtroom administration – even a stern and short-tempered judge's ordinary efforts at courtroom administration – remain immune.

The Sixth Circuit has adopted the *Liteky* standard in judicial disqualification cases. *See, e.g.*, *Lyell v. Renico*, 470 F.3d 1177, 1186-87 (6th Cir. 2006). The undersigned is also mindful that the Sixth Circuit has cautioned that "[t]here is as much obligation upon a judge not to recuse himself when there is no occasion as there is for him to do so when there is." *Easley v. Univ. of Mich. Bd. of Regents*, 853 F.2d 1351, 1356 (6th Cir. 1988) (alteration in original) (citation omitted). In short, unnecessary recusals waste judicial resources. *City of Cleveland v. Krupansky*, 619 F.2d 576 (6th Cir. 1980). Likewise, granting groundless disqualification motions also encourage judge-shopping.

## II.

An Indictment was returned by a federal grand jury on December 10, 2009, charging Defendants Tyrone Tanks and Stephanie Morales with violations of the Hobbs Act, 18 U.S.C.

§ 1951 (Count 1), and 18 U.S.C. § 924(c)(1)(A)(ii) (Count 2). Additionally, Tanks was charged with additional violations of 18 U.S.C. § 922(g)(1) (Counts 3 and 5). The conduct underlying the charges involved the robbery of a liquor store with a handgun. [*See* Record No. 1; Indictment.]

On March 17, 2010, Defendant Morales filed a motion for rearraignment for the purpose of entering a guilty plea to Counts 1 and 2 of the Indictment. [Record Nos. 27, 43] On the same date, Tanks' counsel filed a motion to suppress evidence taken from the defendants' vehicle at the time of their arrest. [Record No. 28] Two days later, Tanks filed separate *pro se* motions for a bill or particulars and to suppress evidence. [Records No. 33, 34] However, the motions filed by counsel and by the defendant in his *pro se* capacity were subsequently withdrawn. [Record Nos. 41, 42] Rather than contest the charges, Tanks moved the Court for rearraignment on April 5, 2010. [Record No. 46]

As outlined in the written Plea Agreement tendered to the Court on April 12, 2010, Tanks admitted facts supporting the charges contained in Counts 1 and 2 of the Indictment. [Record No. 49] And while Tanks hoped to receive the benefit of a sentence reduction under United States Sentencing Guideline ("U.S.S.G.") Section 5K1.1 and 18 U.S.C. § 3553(e), his Plea Agreement clearly specified that any recommendation to the Court was non-binding under Rule 11 of the Federal Rules of Criminal Procedure. [*See Id.*; Plea Agreement, ¶ 6.][1]

---

[1] Tanks faced a maximum period of incarceration of twenty years for the Hobbs Act conviction. Additionally, he was subject to a consecutive seven year period of incarceration because he brandished a firearm during the robbery. *See* 18 U.S.C. § 924(c)(1)(A)(ii). While Tanks argues in his memorandum that his Plea Agreement stipulated that he should not receive more the seven year minimum term of incarceration under Count 2, that assertion is clearly incorrect. As outlined in the Plea Agreement, "[t]he maximum statutory penalty for Count 2 is not less than 7 years nor more than life imprisonment, to run consecutively

Additionally, contrary to Tank's assertions, the supplement to his Plea Agreement did not bind the United States to recommend that Tanks receive a sentence of only 84 months. Instead, the Sealed Supplement to the Plea Agreement provides:

> The Defendant will cooperate fully with the United States in the investigation and prosecution of the matters in the Indictment and all related matters, including testifying in all proceedings. All statements and testimony that the Defendant provides must be truthful, and this Agreement does not preclude the prosecution of the Defendant for perjury or making false statements. If requested by the United States, the Defendant will submit to a polygraph examination by an examiner selected by the United States. If the Defendant provides substantial assistance in the investigation or prosecution of other persons who have committed an offense, the United States will file a motion for a downward departure pursuant to U.S.S.G. § 5K1.1 and/or to sentence below the statutory minimum sentence pursuant to 18 U.S.C. § 3553(e) unless the Defendant commits another crime, obstructs justice, or violates a court order. The determination as to whether the Defendant provided substantial assistance and otherwise qualifies for one or both of these motions is solely within the discretion of the United States.[2]

In short, while the United States had the option of seeking a reduction of Tanks' sentence below his guideline range and below the statutorily-required seven-year consecutive term under Count 2, it was not obligated to do so. And that discretion was clear at the time Tanks entered his guilty plea to Counts 1 and 2.

---

to any other term of imprisonment imposed . . ." [*See* Record No. 49; Plea Agreement, ¶ 5.]

[2] During the hearing held on the defendant's motion for rearraignment, Defendant Tanks confirmed that the Plea Agreement and supplement contained all terms of his agreement with the United States. [Record No. 76, p. 11] Additionally, both the Assistant United States Attorney ("AUSA") as well as the Court reviewed the statutory penalties with the defendant. The AUSA also confirmed that the Plea Agreement and the parties recommendations were not binding on the Court. [*Id.*. at pp. 13-16, 18] At no point during this hearing did the defendant disagree with the statements of counsel for the government or indicate that he had been advised that he would receive a specific sentence in exchange for his guilty plea. Instead, Tanks confirmed that such representations had not been made. [*Id.*, at p. 15]

Defendant Tanks was sentenced on July 26, 2010, to a term of imprisonment of 24 months on Count 1, to be served consecutively to a term of imprisonment of 84 months on Count 2, for a total term of imprisonment in the underlying case of 108 months. The Court also imposed an additional term of imprisonment of 34 months in a separate case involving a supervised release violation by Defendant Tanks.[3] [Record No. 62] For reasons which were fully explained during the sentencing hearing, the United States did not file a motion for a sentence reduction pursuant to 18 U.S.C. § 3553(3) but did seek a reduction under U.S.S.G. § 5K1.1. [*See* Record No. 78, pp. 6-14.] The Court granted the reduction under the United States Sentencing Guidelines and applied that reduction to Count 1.

During the sentencing hearing, Tanks and his attorney were given full allocution regarding the defendant's underlying conviction as well as his supervised release violation. [Record No. 77] The transcript reflects the following exchange involving Defendant Tanks:

> THE COURT: All right. And, of course, Mr. Tanks, if he would like to address the Court, he can certainly do so. He's not required to do so, but if he has anything he would like to add, he may certainly do so at this time.
>
> THE DEFENDANT: Yes, Your Honor. I would like to inform the Court that I apologize for the acts I committed and also I'm remorseful for having my co-defendant involved in this situation and I just hope that you would be lenient on me today.

[*Id.*, at p. 19][4]

---

[3] During the July 26, 2010, hearing, the defendant stipulated to the violation of the terms and conditions of his supervised release in Case No. 2: 10-MISC-02003-DCR. Both matters were addressed during the sentencing hearing. [Record No. 77, pp. 5, 14, 18-19]

[4] Tanks does not attach or reference this portion of the sentencing transcript in his § 2255 materials. Instead, he attaches ten pages of the 32 page transcript in the following order: pages 10, 11, 12, 8, 9, 17, 5, 6, 25 and 27. Tanks seems to argue that he was not provided with a right of allocution during the sentencing

Following the sentencing hearing, Defendant Tanks filed a *pro se* motion to vacate his guilty plea and sentence. [Record No. 63] That motion was denied as untimely pursuant to the plain and unambiguous language of Rule 11(d) of the Federal Rules of Criminal Procedure. [Record No. 64]. Thereafter, Tanks filed a *pro se* notice of appeal. [Record No. 65] However, on August 1, 2011, the United States Court of Appeals for the Sixth Circuit dismissed Tanks' appeal pursuant to a motion filed by Tanks' counsel. [Record No. 109]

On the date Tanks' first appeal was dismissed, the United States filed a motion to reduce his sentence pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure. [Record No. 111] A hearing on that motion was held on August 8, 2011, resulting in a reduction in Tanks' sentence from a total term of imprisonment of 108 months (24 months on Count 1, to be served consecutively to 84 months on Count 2) to 90 months (18 months on Count 1, to be served consecutively to 72 months on Count 2). [Record No. 118; Amended Judgment] Again, Tanks appealed the Court's determination. [Record No. 127; Notice of Appeal] That appeal is currently pending before the United States Court of Appeals for the Sixth Circuit.

Finally, on March 22, 2012, Defendant Tanks filed the present motion for recusal together with a motion for relief under 28 U.S.C. § 2255. [Record Nos. 135 and 136] On March 26, 2012, the United States Magistrate Judge filed a report in which he recommended that the defendant's habeas motion be dismissed, without prejudice, because Tanks has a direct appeal pending. [Record No. 137]

---

hearing held on July 26, 2010. However, this argument appears to concern the defendant making a statement regarding cooperation prior to being given the opportunity to make a statement to the Court concerning the sentence to be imposed.

### III.

In his § 2255 motion, Tanks asserts that he is entitled to relief based upon ineffective assistance of counsel at all stages of this proceeding. [Record No. 136, p. 4]  In essence, the defendant asserts that the government was required to seek a reduction of his original sentence under U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e), but failed to do so.  As the tenth ground set out in his motion, Tanks argues that the "Judge abused his discretion by failing to address defendant Tanks after granting recess during the sentencing proceedings." [*Id*. at p. 7]  Further, he alleges that the "judge violated defendant due process by failing to protect the record by addressing defendant to assure theirs [sic] no confusion by the government refusal to request a reduction under 3553(e)."  As the eleventh ground for relief, Tanks contends that the "Judge violated defendant's due process by neglecting to hold a revocation hearing on (TSR) violation under Rule 32." [*Id*. at p. 8] Next, Tanks asserts as the twelfth ground for relief that the "Judge violated defendant's due process by failing to advise defendant of his rights to withdraw guilty plea under Rule 11(d), 32(e)." [*Id.*]

In addressing Tanks' motion to recuse, it is not necessary for the Court to resolve any of the allegations contained in his § 2255 motion.  However, as outlined above, the record contradicts many of Tanks' assertions.  As an initial matter, because Tanks was represented by counsel, due process did not require that he be given the opportunity to argue – separate from his attorney – regarding the United States failure or refusal to file a motion pursuant to 18 U.S.C. § 3553(e).  While the filing such a motion is generally within the discretion of the United States, arguments concerning the matter are presented by the attorney appointed to represent the

defendant. Where, as here, the issue was resolved and the defendant was given a right to make a statement to the Court prior to imposition of the sentence, no grounds exists to seek recusal of the sentencing judge. Additionally, where a defendant stipulates to a violation of the conditions of supervised release – either directly or through counsel – there is no basis to seek the recusal of the judge who accepts the stipulation. And finally, a defendant's failure to file a timely motion to withdraw his guilty plea under Rule 11 does not constitute grounds for recusal where, as here, the Court simply enforces the plain language of the rule.

Notwithstanding the fact that the defendant's arguments may be legally and factually incorrect, they do not constitute grounds for recusal under the standard outlined above. Instead, the claims which form the basis for Tanks' motion to recuse relate to judicial actions taken in – and rulings made during the course of – the criminal proceedings. *Liteky v. United States*, 510 U.S. 540, 555 (1994).

### IV.

For the reasons discussed herein, it is **ORDERED** that the Defendant's motion for recusal [Record No. 135] is **DENIED**.

This 27th day of March, 2012.



Signed By:
*Danny C. Reeves* DCR
United States District Judge