UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
COVINGTON

CRIMINAL ACTION NO. 2:09-96-DCR

UNITED STATES OF AMERICA,                                                    PLAINTIFF,

V.          <u>MAGISTRATE JUDGE'S
            REPORT AND RECOMMENDATION</u>

TYRONE TANKS,                                                               DEFENDANT.

On December 10, 2009, Tyrone Tanks (herein after "Tanks"), was indicted for the August 6, 2009 armed robbery of Collett's Liquor Store in Boone County, Kentucky. [Record No. 1]. On April 12, 2010, Tanks plead guilty to both armed robbery and brandishing a firearm. [Record No. 48]. At sentencing, his recommended guideline range was thirty (30) to thirty seven (37) months of imprisonment on the robbery count and a consecutive sentence of eighty four (84) months of imprisonment on the firearm count. <u>Id</u>. at 1.

At his sentencing hearing, the district court sentenced Tanks to a lower term of imprisonment than the recommended guideline range. <u>Id</u>. Tanks was sentenced to twenty four (24) months of imprisonment on the robbery and eighty four (84) months for brandishing a firearm, to be served consecutively, followed by thirty six (36) months of supervised release. [Record No. 62]. One of the reasons Tanks' received a lower sentence was based on the United States' motion for a downward departure under U.S.S.G. § 5K1.1. The government made this motion after Tanks provided substantial assistance in a state investigation while he was in custody. [Record No. 153 at 2].

1

Approximately one (1) year after he was sentenced, Tanks substantially assisted the government in another state investigation. [Record No. 111]. The government then moved to further reduce Tanks' sentence under Fed. R. Crim. P. 35(b) based on this new substantial assistance. Id. The district court granted a hearing subsequent to this motion and reviewed the substantial assistance Tanks' provided the government. [Record No. 147]. Upon consideration of this, the district court granted the government's Rule 35(b) motion and reduced Tanks' original sentence. [Record No. 118]. Tanks' original armed robbery sentence was reduced from twenty four (24) months of imprisonment to eighteen (18) months. Id. And Tanks' original sentence for brandishing a firearm was reduced from eighty four (84) months of imprisonment to seventy two (72) months. Id. Overall, Tanks' original total sentence of one hundred and eight (108) months of imprisonment was reduced to ninety (90) months of imprisonment, with no change of supervised release. Id.

Tanks later appealed to the Sixth Circuit Court of Appeals to amend his sentence. [Record No. 153]. In his appeal, Tanks argued; 1) that the court erred in considering the leniency Tanks received in a certain state sentence; 2) that his sentence was substantially unreasonable because the court failed to consider several mitigating factors; and 3) that the government breached the plea agreement by both advocating for a sentence greater than the statutory minimum during his initial sentencing and failing to request an additional departure during his Rule 35(b) hearing. Id. The government moved to dismiss the appeal based on Tanks' plea agreement appeal waiver, arguing that absent a breach of the plea agreement, Tanks had effectively waived the right to appeal his sentence. Id.

The Sixth Circuit Court of Appeals remarked that Tanks voluntarily, intelligently, and knowingly entered into the plea agreement. Id. In his appeal, Tanks did not contend that his plea

was involuntary or was not knowingly and intelligently made. Id. There is also evidence that both the prosecutor and district court discussed with Tanks the rights he was waiving during his plea agreement, including the appeal waiver, in detail before it was accepted. Id. at 3. Therefore, Tanks plea agreement was entered into voluntarily, knowingly and intelligently and could only be challenged if there was a breach. Id.

Additionally, the Court of Appeals held that the government did not breach the plea agreement. Id. Tanks claimed that the prosecutor breached the plea agreement when both when he advocated for a nine (9) year sentence on Count 2, instead of the statutory minimum of seven (7) years, and when the prosecutor did not seek to further reduce Tanks' sentence. Id. The Court of Appeals did not find a breach of the plea agreement when the prosecutor advocated for a higher sentence because Tanks knowingly, intelligently, and voluntarily entered into the plea agreement which permitted the government to "object to or argue in favor of other [sentence] calculations." Id.

Moreover, the Court of Appeals held that there was no breach of the plea agreement when the prosecutor did not move to further reduce Tanks' sentence apart from the U.S.S.G. § 5K1.1 and Rule 35(b) motions already made on his behalf. Id. The Court found that the plea supplement gave the prosecutor sole discretion to determine whether any future substantial assistance merited a sentence reducing motion on Tanks' behalf and the exercise of this discretion was not a breach. Id. The Court noted that the prosecutor's decision against moving for additional sentence reductions was made in part because Tanks had not provided any additional assistance, aside from what was already accounted for, that would be sufficient on its own to warrant yet another sentence reduction. Id. Therefore, the Court found the prosecutor had

the discretion to decide whether or not to move for further sentence reductions and her decision against them did not constitute a breach of the plea agreement. Id.

Following his appeal to the Sixth Circuit, on June 3, 2013, Tanks filed a *pro se* motion under 28 U.S.C. § 2255 seeking to vacate his guilty plea, conviction and sentence. [Record No. 154]. Tanks sets out ten (10) grounds for relief in his motion, which he states as: 1) the judge was under the incorrect assumption that he lacked the authority to compel the government to seek a reduction under Rule 35(b) at his sentencing hearing; 2) the judge violated Tanks' right of due process by refusing to grant a continuance to subpoena Prosecutor Ann Flannagan at his Rule 35(b) hearing; 3) the judge abused his discretion by refusing to provide adequate reasons for denying Tanks' request to subpoena the prosecutor at his Rule 35(b) hearing; 4) the judge incorrectly considered Tanks' state sentence as a factor in determining the length of his Rule 35 reduction; 5) the judge violated Tanks' right of due process by failing to allow him to allocute and raise post-rehabilitation arguments at his Rule 35(b) hearing; 6) the government breached the plea agreement by failing to file for a sentence reduction under U.S.C. § 3553(e); 7) the prosecutor breached the verbal promise made during the plea agreement at Tanks' sentencing hearing; 8) the prosecutor violated the terms of the plea agreement by advocating for a nine (9) year sentence under 924(c)(1)(A); 9) counsel provided ineffective assistance when he misinformed Tanks of the prosecutor's proposed sentence under the plea agreement; and 10) counsel was ineffective for failing to object to the prosecutor's proposed sentence of nine (9) years instead of seven (7) years at Tanks' sentencing hearing. Id.

Although Tanks states ten (10) grounds for relief, his claims can be adequately categorized as the following: 1) Tanks' right to due process was violated at his Rule 35(b) hearing when he was unable to present the prosecutor's unconstitutionally biased motives, when

4

a continuance was denied to allow Tanks to issue a subpoena to the prosecutor, and when Tanks was denied the opportunity to present additional evidence in support of a further sentence reduction at the conclusion of his Rule 35(b) hearing in violation of the rule announced in United States v. Bostic, 371 F.3d 865, 868 (6th Cir. 2004); 2) Tanks' right to due process was violated at his original sentencing hearing when the judge considered incorrect sentencing factors and allowed the government to breach the plea agreement by advocating a higher sentence than that agreed upon during the plea negotiations; and 3) Tanks' constitutional right to effective assistance of counsel was violated when his attorney both failed to properly inform him of the contents of the plea agreement prior to the sentencing hearing, and to object to the prosecutor's sentence recommendation at the sentencing hearing. Id.

These distinct categories represent the three (3) legal arguments Tanks is asserting in his motion. The first category includes Tanks' arguments related to the alleged constitutional violations during his Rule 35(b) hearing. The second category involves Tanks' arguments regarding the prosecutor's breach of his plea agreement. And the third category encompasses Tanks' claims of ineffective assistance of counsel. Tanks is seeking an order from this Court vacating his sentence, so that he might be re-sentenced to a term of seven (7) years of imprisonment for his offense of Use/Carrying a Firearm during in and relation to a Crime of Violence. Id.

## ANALYSIS

A prisoner who moves to vacate his sentence under 28 U.S.C. § 2255 must show that the sentence imposed was either: (1) in violation of the Constitution or laws of the United States; (2) the Court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) that the sentence was otherwise subject to collateral attack.

28 U.S.C. § 2255. To prevail, "a petitioner must demonstrate a constitutional error which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." Humphress v. United States, 398 F.3d 855, 858 (6th Cir. 2005).

      I.      WERE TANKS' DUE PROCESS RIGHTS VIOLATED AT HIS RULE 35(b) HEARING WHEN HE WAS UNABLE TO PRESENT THE PROSECUTION'S ALLEGEDLY UNCONSTITUTIONAL MOTIVES, DENIED A CONTINUANCE TO ISSUE A SUBPOENA, AND WAS NOT GIVEN THE OPPORTUNITY TO PRESENT EVIDENCE AT THE CONCLUSION OF THE HEARING?

Tanks claims his constitutional right of due process was violated at the sentencing hearing when: (1) the prosecutor acted with unconstitutionally biased motives; (2) the Court denied a subpoena to the prosecutor in order to have her testify to the contents of an oral agreement not reflected in the plea; and (3) the Court failed to ask Tanks if he had anything else to add to the mitigating factors already presented, in violation of the rule announced in Bostic. [Record No. 154]. These arguments are both procedurally defaulted and meritless.

It is well settled law that an argument not raised on direct appeal is waived. Jones v. U.S., 178 F.3d 790 (1999). Claims not raised on direct appeal are procedurally defaulted and may not be raise on collateral review unless the petitioner shows either: 1) cause to excuse his failure to raise the claim previously and actual prejudice resulting from the alleged violation; or 2) actual innocence. Massaro v. United States, 538 U.S. 500, 504 (2003). To show cause, the petitioner must point to, "some objective factor external to the defense that prohibited him from raising his claims on direct appeal." Murray v. Carrier, 477 U.S. 478 (1986). If the petitioner fails to show cause, it is unnecessary to determine if he was prejudiced by the alleged violation. Bousley v. United States, 523 U.S. 614, 622 (1998). An argument that was not previously raised on direct appeal can only be raised for the first time on collateral review when the alleged error constitutes

a fundamental defect which inherently results in a complete miscarriage of justice. Reed v. Farley, 512 U.S. 339, 348 (1994).

In this case, Tanks did not include an argument in his appeal to the Sixth Circuit that the prosecution acted with an unconstitutional motive. [Record No. 153]. Tanks also failed to raise his claims regarding the violation of the rule announced in Bostic or the denial of the subpoena in his appeal to the Sixth Circuit. Id. Tanks has also not supplied this Court with any factual information that would suggest an inability to have raised these arguments on his prior appeal, and therefore, the claims are defaulted. Tanks was initially required to present all of these claims to the appellate court and has provided this Court with no reasoning in his habeas petition for excluding them. Therefore, these claims are procedurally defaulted because Tanks' burden to show cause has not been met.

However, this Court recognizes that procedural default is an affirmative defense that may be waived if the state does not assert it. Getsy v. Mitchell, 495 F.3d 295, 317 (6th Cir. 2007) (en banc); *see also* White v. Mitchell, 431F.3d at 524; Baze v. Parker, 371 F.3d 310, 320 (6th Cir. 2004). Although the issue of whether a court may *sua sponte* raise a petitioner's procedural default remains open in the Supreme Court, the Sixth Circuit has held, where the state does not assert the procedural default defense, a federal court may, in its discretion, *sua sponte* consider the petitioner's procedurally defaulted claims on the merits, although this should not be done as a matter of course. White v. Mitchell, 431F.3d at 524; *see* Day v. McDonough, 547 U.S. 198, 206 (2006); *see also* Howard v. Bouchard, 405 F.3d at 476; Elzy v. United States, 205 F.3d 882, 886 (6th Cir. 2000) (§ 2255 case). "Generally, the Sixth Circuit does not dismiss habeas claims on procedural default grounds without first giving the petitioner an opportunity to respond." Lorraine v. Coyle, 291 F.3d 416, 426 (6th Cir. 2002).

Here, Tanks had no opportunity to respond to an argument of procedural default, to meet the cause/prejudice standard. In this case, the government does not directly argue that the claims made by Tanks are procedurally defaulted, but do allege that these claims are without merit. [Record No. 158]. Therefore, even though Tanks' claims are procedurally defaulted, he has had no opportunity to explain why default should be excused, and the Court will therefore address his claims on the merits. However, for the reasons stated below, his claims provide him no relief.

Tanks' claim that his right of due process was violated when he was unable to present evidence to the court of the unconstitutionally biased motives of the prosecutor lacks merit. This claim is not supported by any evidence that would suggest Tanks was a victim of discrimination. Tanks attempts, but fails to support his argument with an email he received from the prosecutor, Ann S. Flannigan. [Record No. 154]. This email is nothing but complimentary of the efforts Tanks provided the government during their state investigations. Id. It does not contain promises of any future performances or any evidence that would implicate a discriminatory motivation. Id. In her email, the prosecutor outlines the substantial assistance Tanks was already credited for and her overall position that no further motions would be made on his behalf because both the U.S.S.G. § 5K1.1 sentence recommendation and the later Rule 35(b) motion were already a sufficient reflection of his total substantial assistance. Id.

Tanks attempts to further support his argument by with an email exchange between his then acting attorney David F. Fessler (herein after "Fessler") and Elaine Leonhard (herein after "Leonhard") from the prosecutor's office. Id. Fessler is writing Leonhard in response to a request from Tanks to reconsider the substantial assistance he provided the government, and asks the prosecutor to reconsider moving for an additional sentence reduction. Id. Leonhard replies to the request by reminding Tanks' attorney that a "5K and 3553(e) motion" had already been made

on Tanks' behalf based on his assistance. Id. The government ultimately decided that he had been credited for the substantial assistance he provided in the two (2) motions already made and the prosecutor did not anticipate making any additional motions on his behalf. Id. These combined emails do not reflect any evidence of racially biased motives on behalf of the prosecutor's office.

Tanks' argument that his due process rights were violated when the judge denied a subpoena to the prosecutor is also meritless. Tanks is misguided as to the extent of the rights that should have been afforded to him at his Rule 35(b) hearing. Tanks mistakenly argues that he was entitled to subpoena witnesses and present mitigating factors for the judge to consider. [Record No. 154]. However, a Rule 35(b) hearing does not have the same constitutional mandates as a sentencing hearing. Initially when the district court is faced with a Rule 35(b) motion, the court must decide whether the defendant did in fact render substantial assistance. United States v. Grant, 636 F.3d 803, 816 (6th Cir. 2011). If the court determines that the defendant did provide substantial assistance within the meaning of the rule, then the rule gives the district court ample discretion in conducting the hearing and making a ruling. Id.

When a hearing is granted, the district court has more discretion as to how the Rule 35(b) hearing is conducted than in other similar sentencing hearings. For example, the Sixth Amendment right to trial by jury, the topic of concern in United States v. Booker, has no application to a Rule 35(b) hearing. United States v. Grant, 636 F.3d 803, 815 (6th Cir. 2011). As Booker and post-Booker precedents have clarified, the procedural and substantive requirements at original sentencings are not mandatory in other contexts. *See* United States v. Booker, 543 U.S. 220, 258 (2005) (listing statutory provisions unaffected by the Court's holding); *see also* United States v. Washington, 584 F.3d 693, 700–01 (6th Cir.2009); United

9

States v. Johnson, 356 Fed.Appx. 785, 790–92 (6th Cir.2009) (concluding that Booker did not affect supervised-release-revocation proceedings).

Most similar to the issue presented in this case, the Supreme Court held in Dillon v. United States that Booker does not apply to sentence reductions under 18 U.S.C. § 3582(c)(2), a context closely analogous to Rule 35(b) reductions. 560 U.S. 817 (2010). The Supreme Court analogized the § 3582(c)(2) proceedings to the Rule 35(b) hearing and described both as "congressional act[s] of lenity" that do not entail "plenary" resentencings. Id. at 2691–92. Therefore, a Rule 35(b) hearing does not impose an obligation to conduct a full sentencing hearing.

In the habeas motion before this Court, Tanks claims that the district court's refusal to grant a continuance to allow him to subpoena the state court prosecutor violated his due process rights. [Record No. 154]. This is an incorrect statement of law. During the Rule 35(b) hearing, the judge properly noted that the Rule 35(b) motion was the *government's* motion to make and Tanks' attempt to expand the scope of the hearing was improper. [Record No. 147]. The judge specifically noted that if the hearing was continued, the judge was, "essentially allow[ing] [Tanks] to make a Rule 35 motion that [he] couldn't make otherwise, simply because the government filed a motion on limited grounds." Id. There is no constitutional mandate to hold a full resentencing hearing at a Rule 35(b) hearing. Therefore, the judge had the discretion to limit the scope of the hearing and to decide which factors were relevant to the substantial assistance. And because there is under no constitutional mandate to hold a full sentencing, the subpoena to the state court prosecutor was properly denied.

Moreover, Tanks claims his right of due process was violated when he was unable to fully present additional mitigating factors at the end of his Rule 35(b) in violation of the rule

10

announced in Bostic. [Record No. 154]. Tanks supports his claim by listing the mitigating factors he would have brought to the judge's attention, such as his participation in welding and business classes. Id. This perceived error in the hearing is not a constitutional deprivation of rights because Tanks was not entitled to present evidence at his Rule 35(b) hearing.

When faced with a Rule 35(b) motion, the district court must initially decide whether the defendant did in fact render substantial assistance. United States v. Grant, 636 F.3d 803, 816 (6th Cir. 2011). If the Court chooses to grant a hearing, the motion and the extent of any reduction given is discretionary. Id. The district court is free to give a lesser or greater sentence reduction than any sentence recommendation made in the motion. Id. The *value* of the substantial assistance is the governing principle in this exercise of discretion, and the district courts have traditionally determined the value of a defendant's substantial assistance during Rule 35(b) hearings. Id. Therefore, the judge did not err when he chose not to allow Tanks to present additional factors during his Rule 35(b) hearing. The judge had the sole discretion to decide which factors were pertinent to substantial assistance and was under no constitutional requirement to allow Tanks to testify at the hearing.

## II. DID THE SENTENCING JUDGE ERR BY USING INCORRECT SENTENCING FACTORS AND DID THE GOVERNMENT BREACH THE PLEA AGREEMENT BY ADVOCATING THE INCORRECT SENTENCE?

Tanks will be unable to successfully claim that the judge both used incorrect sentencing factors and allowed the prosecutor to recommend a sentence above the statutory minimum, violating his right of due process because these claims were already litigated in Tanks' appeal to the Sixth Circuit. It is well settled law that a § 2255 petition may not be employed to relitigate an issue that was raised and considered on direct appeal absent highly exceptional circumstances,

11

such as an intervening change in the law. Jones v. United States, 178 F.3d 790, 796 (6th Cir. 1999); *see* Oliver v. United States, 90 F.3d 177, 180 (6th Cir. 1996); *see also* Davis v. United States, 417 U.S. 333, 345 (1974).

This Court must first note that there has been no change in the law applicable to the issues Tanks raises. In addition, Tanks has not presented any facts that would represent highly exceptional circumstances. Tanks supports his claim with exhibits including correspondence between attorneys asking for additional motions to be filed, a personal sworn affidavit from Tanks himself recounting his experience during the negotiation of the plea agreement, a copy of Tanks' plea agreement, and the Rule 35(b) motion made by the prosecutor. [Record No. 154-2]. These exhibits are not enough to overcome the legal burden by proving either highly exceptional circumstances or an intervening change in law. Therefore, Tanks is unable to relitigate the identical claims he raised during his appeal to the district court.

> III. WAS TANKS' COUNSEL INEFFECTIVE BY MISCOMMUNICATING THE PLEA AGREEMENT AND FAILING TO OBJECT TO THE PROSECUTORS RECOMMENDATION AT SENTENCING?

Tanks was constitutionally entitled to and did receive effective assistance of counsel during his sentencing hearing and plea negotiations. A criminal defendant is constitutionally entitled to effective representation by counsel at all critical stages of the proceedings, including plea negotiations. King v. Bobby, 433 F.3d 483, 490 (6th Cir. 2006). To prevail on a claim of ineffective assistance of counsel based on counsel's advice during the plea process, a defendant must establish two elements: 1) counsel's performance fell below an objective standard of reasonableness; and 2) there is a reasonable probability that, but for counsel's errors, the defendant would have pleaded differently. Griffin v. United States, 330 F.3d 733, 736-37 (6th Cir. 2003)(citations omitted).

With respect to the first element, the proper measure of attorney performance is simply reasonableness under prevailing professional norms. Strickland v. Washington, 466 U.S. 668, 688 (1984). Under the second element, the defendant must show merely that there is a reasonable probability that, but for his attorney's error, he would not have pled guilty and insisted on going to trial. Griffin, 330 F.3d at 737. "Defendants alleging the ineffective assistance of counsel bear a 'heavy burden of proof.'" Pough v. United States, 442 F.3d 959, 966 (6th Cir. 2006) (citing Whiting v. Burt, 395 F.3d 602, 617 (6th Cir. 2005)).

Tanks argues that he did not receive effective assistance of counsel because: 1) counsel provided him with incorrect information regarding a verbal promise to recommend a lower sentence made by the prosecutor; and 2) counsel failed to object to the prosecutor's recommendation of a sentence over the statutory minimum. [Record No. 154].

To support these claims, Tanks has submitted emails drafted by his attorney regarding a miscommunication made during his initial sentencing hearing. [Record No. 154-2]. The confusion concerned was a mathematical error by Tanks' attorney. Id. Tanks claims that counsel was ineffective when his attorney's mathematical error led him to the incorrect impression that the government was going to recommend the statutory minimum sentence at his sentencing hearing and then his attorney would argue for an even lower sentence. [Record No. 154]. According to Tanks' attorney, David F. Fessler, after the mathematical error was realized, the district court gave Tanks and his attorney ample time to discuss the case and any decisions Tanks might make subsequently. Id. In addition, the Sixth Circuit Court of Appeals found that Tanks' did not contend that his plea was involuntary or not knowingly and intelligently made and that the district court discussed with Tanks the rights he was waiving, including the appeal waiver, in detail. Id.

Based on the Supreme Court's decision in <u>Strickland</u>, Tanks must show that his trial counsel's representation fell below an objective standard of reasonableness. <u>Strickland v. Washington</u>, 446 U.S. 668, 689 (1984). Pursuant to this standard, a Court must, "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," and the inquiry must focus on whether, "counsel's assistance was reasonable considering all the circumstances." <u>Id</u>. Tanks asserts that counsel was ineffective when counsel's mathematical error lead him to believe that the prosecutor would propose a sentence closer to the statutory minimum. [Record No. 154]. Tanks fails, however, to assert that counsel's representation fell below an objective standard of reasonableness. Tanks was required to prove that, after considering all of the circumstances of the case, that counsel's miscalculation of the proposed sentence and failure to object to the prosecutor's proposed sentence was unreasonable. Tanks is unable to prove this.

In light of all of the circumstances of this case, counsel's representation did not fall below the objective standard of reasonableness. Tanks knowingly, voluntarily, and intelligently agreed to a plea agreement. On appeal, that plea agreement was not found to be breached. Moreover, even though the recommendation Tanks believed would be made was not, he still received a sentence below the statutory minimum for his robbery charge. <u>Id</u>. The minor mathematical error before sentencing was inconsequential to Tanks' sentence. Tanks both had time before the sentencing hearing to discuss the mathematical error with counsel after it was discovered and before the hearing began. And at the sentencing hearing, Tanks had his plea agreement explained in detail by the district court. Moreover, even in light of the mathematical error, Tanks received a sentence below the statutory minimum which is what he was ultimately seeking before the mathematical error was even discovered. Therefore, the mathematical error

14

discovered before the sentencing hearing was discussed with Tanks both by his counsel before the hearing and by the district court during the hearing and still allowed Tanks to argue for his desired sentence. This does not constitute objectively unreasonable representation under Strickland.

Additionally, counsel's failure to object to the proposed sentence is also not objectively unreasonable. Counsel had no duty to object to the government's sentence recommendation because the government reserved their right to use its discretion when recommending a sentence in the plea agreement. Tanks' argument that this failure is objectively unreasonable does not properly address the objective standard for reasonableness, but rather merely argues what counsel should have done differently. Not only was counsel under no duty to object, but his objection would have been meritless because the prosecutor preserved his discretion when proposing a sentence within the plea agreement. This alleged failure to object is insufficient to overcome the burden to show a deficiency under Strickland. Therefore, after all circumstances of the case are factored in to counsel's performance, this Court finds Tanks has not overcome his burden and that counsel's performance was objectively reasonable. There is no need to examine the prejudice prong in Strickland.

## CONCLUSION

Accordingly, and for the reasons set forth above, it is recommended that the Defendant's Motion to Vacate, Set Aside, or Correct Sentence [Record No. 154] be DENIED.

Specific objections to this Report and Recommendation must be filed within fourteen (14) days from the date of service thereof or further appeal is waived. United States v. Campbell, 261 F.3d 628, 632 (6th Cir. 2001); Bitumnious Cas. Corp. v. Combs Contracting Inc., 236 F.

15

Supp. 2d 737, 749-750 (E.D. Ky. 2002).  General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. <u>Cowherd v. Million</u>, 380 F.3d 909, 912 (6th Cir. 2004); <u>Miller v. Currie</u>, 50 F.3d 373, 380 (6th Cir. 1995).  A party may file a response to another party's objections within fourteen (14) days after being served with a copy thereof. 28 U.S.C. § 636(b)(1)(C); Fed. R. Crim. P. 59(a).

Signed November 21, 2013



Signed By:
Edward B. Atkins  EBA
United States Magistrate Judge